IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LLOYD E. SEAY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2407-JDT-tmp |
| | ) | |
| ALL THE JUDGES, P.D.s and D.A., | ) | |
| ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER EXTENDING TIME TO COMPLY WITH 28 U.S.C. § 1915(a)(2)

On June 15, 2015, Plaintiff Lloyd Seay, booking number 15109904, who is currently incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914. Although the obligation to pay the fee accrues at the moment the case if filed, *see McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment

procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prisoner trust account officer and a copy of his trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Plaintiff's original *in forma pauperis* affidavit was not accompanied by a certified copy of his inmate trust account statement. Therefore, the Court issued an order on June 16, 2015, directing Plaintiff to submit, within 30 days, either a copy of his trust account statement or the entire filing fee. (ECF No. 4.) Plaintiff did not comply with the June 16, 2015, order. However, the Court has received additional documents from Plaintiff, one on June 23, 2015 (ECF No. 5), one on June 24, 2015 (ECF No. 6), and a third on July 17, 2015 (ECF No. 5).

The document received June 23 appears to concern Plaintiff's claims in this case, and it does not address the filing fee. In the letter received on June 24, 2015, Plaintiff states that he sent the Court an "inmate money on trust fund account." (ECF No. 6 at 1.) However, the Court has received no such document. In the July 17 letter, Plaintiff states that he is still incarcerated and asks the Court to stop writing to him asking for money because he has none.[1]

---

[1] Plaintiff currently has four separate cases pending, including this one, and an order requiring him to comply with the PLRA was filed in each case. *See Seay v. All Judges, P.D.s and D.A.*, et al., No. 15-2407-JDT-tmp (Order to Comply, ECF No. 4); *Seay v. Soc. Sec. Office, et al.*, No. 15-2390-JDT-tmp (W.D. Tenn. filed June 8, 2015) (Order to Comply, ECF No. 4); *Seay v. D.R.T. Team, et al.*, No. 15-2389-JDT-tmp (W.D. Tenn. filed June 8, 2015) (Order to Comply, ECF No. 4); *Seay v. Shelby County Penal Farm, et al.*, No. 15-2379-JDT-tmp (W.D. Tenn. filed June 4, 2015) (Order to Comply, ECF No. 4).

The Court did not order Plaintiff to pay the filing fee outright. Instead, he was ordered to **either** pay the fee **or** file a copy of his inmate trust account statement. As stated, although Plaintiff has indicated that he sent the Court an inmate trust account statement, that document was not received. Therefore, the Court will construe Plaintiff's July 17 letter as a request for an extension of time to comply with the previous order. Plaintiff should re-send his trust account statement to the Court.

Accordingly, Plaintiff is allowed an additional 30 days after the date of this order in which to **either** submit a copy of his inmate trust account statement **or** pay the $400 filing fee. If Plaintiff attempts to obtain another copy of his trust account statement from Jail officials but is unable to do so, he must so notify the Court.

Plaintiff is again warned that if he fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE