IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LLOYD E. SEAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:15-cv-2407-JDT-tmp |
| | ) | |
| ALL THE JUDGES AND P.D.s and D.A., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
DISMISSING CASE AND ASSESSING $400 CIVIL FILING FEE
_____

On June 16, 2015, Plaintiff Lloyd Eugene Seay, booking number 15109904, who is incarcerated at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case if filed, *see McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with

the complaint, an *in forma pauperis* affidavit containing a certification by the prisoner trust account officer and a copy of his trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Plaintiff's original *in forma pauperis* affidavit was not accompanied by a certified copy of his trust account statement. Therefore, the Court issued an order on June 16, 2015, directing Plaintiff to submit, within 30 days, either a copy of his trust account statement or the entire filing fee. (ECF No. 4.) On July 17, a letter was received from the Plaintiff stating he is still incarcerated and asks the Court to stop writing to him asking for money because he has none. (ECF No. 7.) The Court construed the letter as a request for an extension of time to comply with the previous order. On July 20, 2015 the Court granted the request, and the Plaintiff was allowed an additional 30 days in which to either submit a copy of his inmate trust account statement or pay the $400 filing fee. (ECF No. 8.) The Court has received two additional letters, one on August 4, 2015 (ECF No. 9) and the second on August 6, 2015 (ECF No. 10). The letters concern his claims in this case and do not address the filing fee. Plaintiff has not complied with the July 20, 2015 order, and the time for compliance has expired. Therefore, the complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P.41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore,* 114 F.3d at 601; *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400[1] and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less that $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
> 167 N. Main St. Rm. 242, Memphis, TN 38103

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he Clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the Plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because leave to proceed *in forma pauperis* has been denied in this case, Plaintiff is liable for the additional $50 fee.

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                  **s/James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE